FILED

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50482 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01066-DMS |
| v. | |
| ABEL ALVAREZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Abel Alvarez-Sanchez appeals from the district court's judgment and

challenges the substantive reasonableness of the 30-month sentence imposed

following his guilty-plea conviction for being a removed alien found in the United

States, in violation of 8 U.S.C. § 1326.  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The government argues that this appeal should be dismissed based on an appeal waiver contained in the parties' plea agreement. Alvarez-Sanchez responds that the appeal waiver should not be enforced because the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N) by failing to inform him of, and determine he understood, the terms of the waiver. He also contends that he reasonably believed that he could appeal any sentence greater than 24 months. We review de novo whether a defendant has waived his right to appeal, and for plain error the adequacy of the plea colloquy. *See United States v. Watson*, 582 F.3d 974, 981, 987 (9th Cir. 2009). The record reflects that, during the plea colloquy, the court addressed Alvarez-Sanchez personally and confirmed that he had discussed the appeal waiver with his attorney and understood the rights he was giving up. In addition, Alvarez-Sanchez confirmed in writing and orally that he had read the entire plea agreement, understood its terms, and discussed it with his attorney. Finally, at sentencing Alvarez-Sanchez confirmed his understanding that the waiver applied. Taking into account the record as a whole, any Rule 11 error did not affect Alvarez-Sanchez's substantial rights. *See United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002). Moreover, Alvarez-Sanchez's argument regarding his understanding of the waiver is unsupported by either the language of

14-50482

the plea agreement or the record.  Accordingly, we dismiss this appeal in light of

the valid appeal waiver.  *See Watson*, 582 F.3d at 988.

**DISMISSED.**